# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 3788 |
| ) | Judge Joan H. Lefkow |
| BOWLES CONSTRUCTION SERVICES, ) | |
| INC., JAMES A. CAPE & SONS COMPANY, ) | |
| LUHR BROS., INC., JOSEPH M. BOWLES, ) | |
| AMERICAN HOME ASSURANCE CO., and ) | |
| JOHNSON FINANCIAL GROUP, INC., d/b/a ) | |
| JOHNSON BANK, and MARVIN D. ) | |
| COCKLOW, II, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The United States of America, on behalf of the United States Army Corps of Engineers (the "Corps"), filed the present interpleader action against defendants Bowles Construction Services, Inc. ("BCS"), James A. Cape & Sons Company ("Cape"), Luhr Bros., Inc., Joseph M. Bowles, American Home Assurance Co., Johnson Financial Group, Inc., d/b/a Johnson Bank, and Marvin D. Cocklow, II to seek a judicial determination as to the lawful ownership of disputed funds. Cape filed an answer and asserted counterclaims against the Corps pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Before the court is the government's motion to dismiss Cape's counterclaims against the Corps pursuant to Rule 12(b)(1), Fed. R. Civ. P. For the reasons set forth below, the court grants the motion.

## I. RULE 12(b)(1) STANDARD

Rule 12(b)(1), Fed. R. Civ. P., provides that a case will be dismissed if the court lacks the statutory authority to hear and decide the dispute. The standard of review for a Rule 12(b)(1) motion

to dismiss depends on the purpose of the motion. *See United Phosphorous, Ltd. v. Angus Chem. Co.*, 322F.3d 942, 946 (7th Cir. 2003) (*en banc*). If subject matter jurisdiction is not evident from the face of the complaint, the court would analyze the motion to dismiss pursuant to Rule 12(b)(1) like any other motion to dismiss and assume for purposes of the motion that the allegations in the complaint are true. Where, as here, however, the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction, the movant may use affidavits and other materials to support the motion. The burden of proof on the Rule 12(b)(1) issue is on the party asserting jurisdiction. *Id.*

## II. BACKGROUND

On June 22, 1999, the Corps entered into a construction contract with BCS to perform construction for the Chicago Shoreline Storm Damage Reduction Project ("the project"). The contract was governed by the Miller Act, 40 U.S.C. § 3131, which required that BCS obtain a performance bond guaranteeing the performance of its obligations under the contract and a payment bond guaranteeing its payments to persons or entities providing labor or materials for the project. American Home Assurance ("AHA") issued BCS's performance bond and a payment bond, which showed that BCS was the principal and that AHA was the surety on the project. Thereafter, on August 25, 1999, Cape signed an agreement to perform work as a subcontractor for BCS on the project.

In approximately August of 2000, however, BCS stopped paying Cape for its labor or materials with the exception of two miscellaneous fund transfers. Despite its failure to pay Cape, BCS continued to apply to the Corps for reimbursement and continued to receive payments from the Corps. BCS subsequently agreed to pay a portion of the overdue amounts to Cape and agreed that

it would advise the Corps to forward future payments to Cape to a lockbox account at Johnson Bank. On several occasions, Cape notified the Corps about BCS's failure to pay Cape; however, the Corps continued to transfer payments to BCS directly.

On Feb. 21, 2001, after Cape again notified BCS of its failure to pay, Cape filed a Demand for Arbitration with the American Arbitration Association to resolve the dispute. The arbitrator awarded Cape approximately $2.5 million and notified the Corps of the award. On May 15, 2002, Cape received an order from the Illinois state court to enforce the arbitration award and to compel BCS to pay funds into the registry of the state court for the benefit of Cape. At some point later, the Corps received notice of the state court order. After receiving the state court order, Cape and Luhr Brothers filed suit against AHA in federal district court. This suit sought compensation from AHA for the funds that they were allegedly due from the project.

The Corps delivered its final disbursements, a check for $47,549.35 payable to BCS and Luhr, which the Corps deposited with the Circuit Court of Cook County pursuant to the May 15, 2002 order for payment to the rightful parties. No payment has been made on the check, and the check was returned to the Corps. On June 2, 2004, the Corps filed the present complaint-in-interpleader so that it could deposit the check with the court and the court could award the amount to the rightful party.

In response to the complaint-in-interpleader, Cape asserted counterclaims against the Corps pursuant to the FTCA, 28 U.S.C. §§1346(b), 2671-2680. In particular, Cape alleges that the Corps breached its duties as a stakeholder, was negligent in failing to pay Cape directly when it was on notice as to BCS' default on the payments that BCS owed to its subcontractors, breached a constructive trust, and conspired with AHA to divert Cape's funds to other entities.

## III. ANALYSIS

As a general matter, "[t]he United States government may be sued only where Congress has waived its sovereign immunity and the existence of such waiver is a prerequisite for jurisdiction." *LaBonte v. United States*, 233 F.3d 1049, 1052 (7th Cir. 2000). Thus, "[t]o maintain an action against the United States in federal court, a plaintiff must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action." *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003). Cape argues that this court has jurisdiction pursuant to the FTCA.

Under the FTCA, the United States waives its sovereign immunity in certain circumstances. The FTCA states, "The United States shall be liable, respecting provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. §2674. Claims brought under the FTCA are governed by the substantive laws of the place in which the act or omission occurred. *Richards v. United States*, 369 U.S. 1, 11, 82 S. Ct. 585, 7 L. Ed. 2d 492 (1962) ("a reading of the statute as a whole. . . requires application of the whole law of the state where the act or omission occurred"); *Campbell v. United States*, 904 F.2d 1188, 1191 (7th Cir. 1990). Thus, the relevant laws for Cape's FTCA claims are the tort laws of Illinois.

To hold the Corps liable, Cape must allege that the Corps committed a tort analogous to one that a private party could bring under Illinois tort law. Cape alleges that the Corps was negligent under various theories, including breach of its duties as a stakeholder, breach of a constructive trust, and conspiracy. The government asserts, however, that there is no analogous private party tort cause of action in Illinois because no private party can be held liable under the Miller Act.

Despite styling its counterclaims against the Corps as falling within the purview of the

FTCA, Cape's counterclaims cannot avoid the reach of the Miller Act. The contract entered into by BCS and the Corps was formed pursuant to the Miller Act, which requires general contractors on projects funded by the United States to post bonds in order to ensure the full payment of their subcontractors. *Automatic Sprinkler Corp. of Am. v. Darla Environmental Specialists, Inc.*, 53 F.3d 181, 182 (7th Cir. 1995). Cape, in turn, was hired by BCS as a subcontractor for the project. And under the Miller Act, "[s]ubcontractors must look exclusively to the general contractors (and the bonds) for payment. They cannot obtain liens on the federal projects and buildings, and they cannot collect directly from the treasury." *Id.*, citing *Arvanis v. Noslo Engineering Consultants, Inc.*, 739 F.2d 1287 (7th Cir. 1984), *cert. denied*, 469 U.S. 1191, 105 S. Ct. 964, 83 L. Ed. 2d 969 (1985). Accordingly, the court must dismiss Cape's counterclaims against the Corps because there are no analogous private party actions under the Miller Act.

Cape, however, attempts to isolate its FTCA counterclaims from the contract between BCS and the Corps but, in doing so, ignores the holdings of several circuits, including the Seventh Circuit, that have dismissed FTCA claims in cases in which the Miller Act forms some basis for the government's liability. In *Arvanis*, the Seventh Circuit affirmed the dismissal of two subcontractors' negligence claims against the United States on grounds of sovereign immunity and lack of subject matter jurisdiction, finding that there was no analogous private action for failure to require a Miller Act bond. *Id.* at 1290, 1292. After failing to obtain a payment bond as required by the Miller Act for work on a government project, a general contractor failed to pay the two subcontractors for supplies and then filed for bankruptcy. *Id.* at 1289. The subcontractors sued the general contractor and the United States under the FTCA, claiming that the United States was negligent in failing to require the payment bond and in failing to retain sufficient progress payments. In rejecting the

5

subcontractors' arguments for the above-stated reason, the Seventh Circuit noted an additional reason for rejecting plaintiff's FTCA approach: "it would allow [the subcontractors] to achieve by indirection a result that they could not reach directly under the Miller Act." *Id.* at 1292.

Other circuits have reached similar holdings with regard to FTCA claims brought in matters involving Miller Act contracts. *See, e.g., Hardaway Co. v. United States Army Corps*, 980 F.2d 1415, 1417 (11th Cir. 1993) ("a subcontractor my not state a claim under the FTCA for the negligent failure to investigate the assets of a surety. . .[s]ubcontractors may not circumvent the Miller Act by seeking payment from the government under the FTCA"); *Westbay Steel, Inc. v. United States*, 970 C.2d 648, 651 (9th Cir. 1992); *United States v. Smith*, 324 F.2d 622, 625 (5th Cir. 1963); *Devlin Lumber & Supply Corp., v. United States*, 488 F.2d 88, 89 (4th Cir. 1973) (violation of Miller Act has no counterpart in private actions and thus cannot give rise to liability under FTCA). Because each of Cape's claims arises from actions that were governed by a Miller Act contract, this court lacks subject matter jurisdiction to hear them. Accordingly, the court grants the Corps' motion to dismiss.

## ORDER

For the reasons stated above, the court grants the United States' motion to dismiss [#14] Cape's counterclaims pursuant to Rule 12(b)(1), Fed. R. Civ. P.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: March 27, 2006